Mr. Steve Franks, Director Arkansas Department of Workforce Education 3 Capitol Mall Little Rock, AR 72201-1083
Dear Mr. Franks:
This Attorney General opinion is issued in response to questions you have presented concerning technical institutes.
Background Information
As you have noted in your correspondence, the State Board of Vocational Education, prior to 1991, had the overall governance and operational responsibility for twenty-four postsecondary vo-tech schools throughout Arkansas. In 1991, the General Assembly passed two acts that reorganized postsecondary vocational-technical education, which resulted in the current structure of technical colleges, community colleges, and technical institutes. The colleges are governed by local boards with general responsibility to the Arkansas Higher Education Coordinating Board. The institutes are governed by local boards with general responsibility to the State Board of Workforce Education and Career Opportunities. The State Board of Workforce Education and Career Opportunities assumed all powers and duties of the State Board of Vocational Education in 1997.
You state that the technical institutes are currently viewed by the Department of Finance and Administration as state agencies due to their historical development as vo-tech schools, whereas the technical and community colleges are viewed as educational institutions even though many of them evolved from former vo-tech schools.
In light of the foregoing, you have presented the following questions:
 (1) Are the technical institutes "educational institutions" or "state agencies"?
 (2) Are technical institutes to pass local millage or sales tax for support?
 (3) Does A.C.A. § 6-51-902 require the institutes to be funded on a formula basis as approved by the State Board of Workforce Education and Career Opportunities, or as a state agency pursuant to Department of Finance and Administration guidance?
RESPONSE
Question 1 — Are the technical institutes "educational institutions" or"state agencies"?
I am unable to answer this question in the abstract. In order for me to give an accurate answer to this question, it would be necessary for me to know the purpose for which it must be determined whether a technical institute is a "state agency" or an "educational institution." Technical institutes may be considered "state agencies" for some purposes, but not for others. For example, under the provisions of A.C.A. § 22-2-102, technical institutes are expressly included in the definition of "state agency" for purposes of the Arkansas State Building Services Act. In contrast, the provisions of A.C.A. § 19-5-206 expressly exclude technical institutes from the definition of "state agency" for purposes of a required quarterly remittance to the State General Services Fund.
These contrasting examples indicate that technical institutes can be deemed "state agencies" for some purposes, but not for others. It would therefore be necessary for me to know the purpose in question in order to answer this question accurately.
Question 2 — Are technical institutes to pass local millage or sales taxfor support?
Although Amendment 52 empowers the legislature to provide for the levy of local millages to support technical institutes, it appears that the legislature has not done so. Neither has it authorized technical institutes to levy sales taxes. Rather, the legislature has provided for the funding of technical institutes through the appropriation of state funds, as reflected in A.C.A. § 6-51-902(c) (as amended by Acts 1999, No. 1158). Special funding for technical institutes may also be available. See, e.g., A.C.A. § 26-51-205 (providing for a special "Work Force 2000 Fund," to be distributed to various educational entities, including technical institutes. Other sources of support for technical institutes are also authorized, such as student fees, A.C.A. § 6-51-208, sales of property, A.C.A. § 6-51-206, the issuance of bonds, A.C.A. §6-51-216, financial aid from the municipality in which the institute is located, A.C.A. § 14-58-505, and gifts and donations, A.C.A. § 6-51-207.
Question 3 — Does A.C.A. § 6-51-902 require the institutes to be fundedon a formula basis as approved by the State Board of Workforce Educationand Career Opportunities, or as a state agency pursuant to Department ofFinance and Administration guidance?
This question seems to presuppose an "either/or" situation, in which either the State Board of Workforce Education directs the manner in which technical institutes are funded, or the Department of Finance and Administration does so, but that both entities are not involved in the funding process. Such a presupposition, in my opinion, is faulty. It is my opinion that both the State Board of Workforce Education and the Department of Finance and Administration must be involved in the funding process for technical institutes.
The language of A.C.A. § 6-51-902, as amended by Act 1158 of 1999 provides that the State Board of Workforce Education and Career Opportunities is to "request" funding for the technical institutes, according to a formula that the Board develops. It is significant that the 1999 amendment to this section changed certain crucial language in the statute. The previous version of this statute stated that "all state funds shall be distributed by the board to the technical institutes[.]" The current version of the statute states:
 (c) With the exception of a special funding appropriation, all state funds shall be requested by the board[1] for[2] the technical institutes, postsecondary vocational-technical schools, and comprehensive lifelong learning centers based on a funding formula to be developed and approved by the board and shall be based upon the accountability measures and performance indicators enumerated in this section.
A.C.A. § 6-51-902(c).
This change from "distributed by [the board] to the technical institutes" to "requested by [the board] for the technical institutes" indicates a significant change in intent with regard to the distribution procedure. It appears to indicate that distribution according to the Board's formula is merely a request by the Board, but that distribution according to this formula is not mandatory and that the Board's request with regard to the formula will not necessarily be granted. Moreover, this change in the statutory language indicates a legislative intent that the Board not be the entity that is to distribute the funding to the institutes.
It is my understanding that the funding for each technical institute's budget is appropriated out of the state treasury. The Department of Finance and Administration necessarily has a role in any appropriation out of the state treasury, pursuant to the responsibilities of the Department as reflected in A.C.A. § 19-1-207, A.C.A. § 19-4-101 et seq.,
and A.C.A. § 19-4-301 et seq.
Moreover, it should be noted that the previously mentioned formula developed by the Board does not apply to special funding. The Department of Finance and Administration will likely be involved in the distribution of any special state funding, such as that outlined in A.C.A. §26-51-205. Under the provisions of that statute, for example, the Department of Finance and Administration is given specific roles to play in the handling of the special fund created therein, before the State Board of Workforce Education ever becomes involved.
For these reasons, it is not possible for me to conclude that the legislature intended that either the State Board of Workforce Education and Career Opportunities or the Department of Finance and Administration has exclusive control over the distribution of state funds to the technical institutes; the applicable laws indicate that both must be involved in the process.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] The language of Act 1158 of 1999 states the full name of the board: The State Board of Workforce Education and Career Opportunities. The full name was not included in the codified version.
[2] The language of Act 1158 of 1999 states "requested by [the board]to the technical institutes[.]" The codified version states "requested by the board for the technical institutes[.]" The Act's use of "to" does not make sense. The codified version's use of "for" corrects this obvious error.